UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMAJ LEON FRAZIER,<br><br>    Petitioner,<br><br>    v.<br><br>W. L. MONTGOMERY,<br><br>    Respondent. | Case No.: 1:14-cv-01146-JLT<br><br>ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS (Doc. 3)<br><br>ORDER FOR PETITIONER TO FILE REGULAR STATUS REPORTS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on July 23, 2014. (Doc. 1). The petition, which challenges Petitioner's August 29, 2011 conviction in the Kings County Superior Court for various sexual assault crimes, raises the following six claims: (1) insufficient evidence to convict Petitioner of rape and assault; (2) insufficient evidence to support "the convictions"; (3) use of an improper prior conviction to enhance the sentence; (4) instructional error; (5) ineffective assistance of trial counsel; and (6) ineffective assistance of appellate counsel. (Doc. 1, pp. 4-6).

Contemporaneous with the filing of the petition, Petitioner filed the instant motion to stay proceedings in this case while he exhausts the two ineffective assistance claims in state court. (Doc. 3). Respondent has not entered an appearance or otherwise filed an opposition to the motion to stay

proceedings.

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, federal case law continued to require the Court to dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, in 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 275. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

2

indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

Here, Petitioner has timely filed a federal habeas petition containing four claims exhausted through state habeas corpus proceedings, and two claims of ineffective assistance that are unexhausted. Petitioner indicates that he has initiated state court habeas proceedings to exhaust those two claims. Thus, it appears to the Court that Petitioner is attempting to exhaust his claims in a timely and expeditious manner, and there is no indication that, in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings nor does it appear that Petitioner is engaging in dilatory conduct. Although the Court is not prepared at this time to make an assessment of the merits of the four exhausted claims in the instant petition, a preliminary review of those claims indicates that Petitioner has alleged colorable constitutional violations. Moreover, it appears that Petitioner is proceeding in good faith and that no prejudice would inure to the parties by granting the requested stay. Therefore, good cause having been presented and good cause appearing therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. No later than 30 days after the date of service of this Order Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes.[2] Further, Petitioner must proceed diligently to pursue his state court remedies, and every 60 days after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed 30 days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

///

---

[2] The filing should be entitled "Status Report."

3

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 3), is GRANTED;

2. Proceedings on the instant petition are **STAYED** pending exhaustion of Petitioner's state remedies regarding grounds five and six;

3. Petitioner is DIRECTED to file a status report **within 30 days** of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report **every 60 days** after the filing of the initial status report; and

5. Petitioner is GRANTED **30 days** following the final order of the state courts within which to notify the Court that the two unexhausted claims have been exhausted and to request that the stay be lifted and the case proceed.

IT IS SO ORDERED.

Dated:   **August 1, 2014**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE